UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PETER PAUL SOWINSKI,

                 Plaintiff,                    **OPINION & ORDER**

         -against-                              21-cv-2257 (AYS)

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
-------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

Before this Court is an appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 et seq. (the "Act"). Plaintiff, Peter Paul Sowinski ("Plaintiff"), challenges final determinations by the Commissioner of the Social Security Administration that he was ineligible to receive Social Security disability benefits insurance benefits. (See Docket Entry ("DE') [1].) Presently before the Court are the parties' cross motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings.

In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to the ALJ decisions, the treating physician rule, and the evaluation of vocational evidence. These standards, along with numerous authorities and citations, are discussed at length, merely by way of example, in, Morgan v. Saul, CV-19-5915 (AYS), 2021 WL 4551937 (E.D.N.Y. Oct. 5, 2021), which discussion is hereby incorporated by reference.

1

Furthermore, the principal dispute in this case is brought into focus by the parties' contention statements.[1] The key dispute is whether remand for calculation of benefits is warranted.

Simply stated, the parties agree that the ALJ erred. The parties agree that in finding Plaintiff not disabled, the ALJ failed to make necessary factual findings regarding Plaintiff's limitations. The parties further agree that the ALJ erred by failing to properly evaluate the opinion from John Reyes, M.D., Plaintiff's internist, because the ALJ did not sufficiently consider the time needed by Plaintiff to actually use the bathroom rather than merely having access to a bathroom. (See Tr. 14, 16, 20, 51, 53, 66.) Finally, the parties agree that the ALJ erred when he improperly mischaracterized the medical opinion from the consultative reviewer from needing "breaks" to use the bathroom to needing "access" to a bathroom, as access does not account for the time that Plaintiff may be off task in taking a "break" to use the bathroom.

Both parties agree that remand is necessary; they disagree, however, as to the scope of the remand. Plaintiff maintains that the case should be remanded solely for calculation of benefits, while the Commissioner argues that the remand should include further administrative proceedings because the record contains conflicting medical evidence that could merit a denial of benefits.

"Sentence four of Section 405(g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the cause for a rehearing.'" Butts v. Burnhart, 388 F.3d 377, 385 (2d Cir. 2004) (quoting 42 U.S.C. § 405(g)).

---

[1] Upon case assignment, the undersigned directed that "within thirty (30) days, the Plaintiff shall set forth a separate, short and concise statement, in numbered paragraphs, the contentions of the Plaintiff as to the alleged legal errors in the Secretary's determination and/or specific findings of the decision of the Administrative Law Judge that, Plaintiff contends, are not supported by substantial evidence. Within thirty (30) days of Plaintiff's filing, Defendant shall file an opposition statement containing correspondingly numbered paragraphs responding to each numbered paragraph in Plaintiff's statement. Each contention by Plaintiff and Defendant must be followed by **pinpoint** citations to the administrative records, identifying evidence supporting and/or rebutting each said contention." (See Scheduling Order dated 6/26/2023.)

"Remand is appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would ... plainly help to assure the proper disposition of [a] claim." McGregor v. Astrue, 993 F. Supp. 2d 130, 145 (N.D.N.Y. 2012) (internal quotations omitted) (adopting report and recommendation). In contrast, where there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision," a remand for calculation of benefits, as opposed to further fact gathering, is appropriate. See Butts, 388 F.3d at 385-86 (quoting Rosa v. Callahan, 168 F.3d 72, 83 (2d Cir. 1999)); see also Sublette v. Astrue, 856 F. Supp. 2d 614, 619 (W.D.N.Y. 2012) (remanding for calculation of benefits where medical provider opinions, properly weighed, clearly justified finding of disability); Salisbury v. Astrue, 2008 WL 5110992 at *8-9 (remanding for calculation of benefits; "[t]hese opinions [properly credited], together with the [p]laintiff's testimony, provide substantial evidence to support a finding that the [p]laintiff is disabled within the meaning of the Social Security Act and that further evidentiary proceedings would serve no further purpose").

After reviewing the record, this Court concludes that substantial evidence supports a finding that Plaintiff is disabled, that no further development of the record would assist the determination, and that a remand for calculation of benefits is warranted. In reaching this conclusion, the Court finds that the ALJ's conclusion that Plaintiff requires only access to a bathroom during the workday is not supported by substantial evidence. Indeed, an independent review of the record establishes that the bathroom break limitations are well-supported by, and consistent with, the evidence of record. If properly credited, this opinion, when considered in light of the October 2019 opinion of consultative reviewer, R. Dickerson M.D., and Dr. Reyes, that Plaintiff would require regular restroom breaks due to his Crohn's disease, strongly supports the conclusion that Plaintiff suffers from a substantial inability to remain on task.

Moreover, in this case, the record is clear and there is no contrary evidence in the record. The opining medical professionals of record are in agreement that Plaintiff requires increased bathroom breaks. T. 73 (Dr. Dickenson finding that Plaintiff must be permitted "regular restroom breaks"); T 498, 502 (Dr. Reyes finding Plaintiff would be off-task twenty-five percent of a workday due to his Crohn's flare-ups). Thus, there is no conflicting evidence for the ALJ to weigh in further administrative proceedings. It includes an opinion from the health provider who treated him consistently during that period, as well as an opinion from a consultative medical reviewer. Had the time off-task provision not been discarded by the ALJ, but properly credited and incorporated into the RFC to account for Plaintiff's undisputed need to take bathroom breaks, the ALJ would have had to find Plaintiff disabled. T 65-66. The ALJ has already found the opinion that Plaintiff requires regular bathroom breaks is persuasive, and the vocational expert has already testified that the opined need for unscheduled breaks well in excess of fifteen percent of the workday would preclude all work. T 19, 65-66. Under these circumstances, a remand for further administrative proceedings is not warranted because there are no inconsistencies or gaps in the record and further evidence does not need to be developed. See Bradley v. Colvin, 110 F. Supp. 3d 429, 447 (E.D.N.Y. 2015) (remanding for calculation of benefits where "the ALJ disregarded a well-developed record with little explanation, giving the [c]ourt no basis to conclude that remanding to obtain additional evidence would support the Commissioner's decision") (internal quotations omitted); Henningsen v. Comm'r of Soc. Sec. Admin., 111 F. Supp. 3d 250, 272-73 (E.D.N.Y. 2015) ("[b]ecause the record provides persuasive proof of plaintiff's disability, [and] proper application of the legal standards would not contradict the weight of this evidence in the record ..., the proper course of action is to reverse the ALJ [d]ecision and remand the matter to the

Commissioner for a calculation of disability benefits") (internal quotations omitted). Accordingly, remand for the calculation and payment of benefits is warranted.

## CONCLUSION

For the foregoing reasons, the Commissioner's cross-motion for judgment on the pleadings, appearing as Docket Entry No. 16 herein, is denied; Plaintiff's motion for judgment on the pleadings, appearing as Docket Entry No. 13 herein, is granted; the ALJ's decision is vacated; and this matter remanded with a directed finding of disability for a calculation of benefits.

Dated: March 25, 2024
Central Islip, New York

      /s/ Anne Y. Shields
      Anne Y. Shields