UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PETER PAUL SOWINSKI,

                            Plaintiff,                **ORDER**

       -against-                      21-cv-2257 (AYS)

COMMISSIONER OF SOCIAL SECURITY,


                         Defendant.
-------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

     Plaintiff Peter Paul Sowinski ("Plaintiff") commenced this action against Defendant

Commissioner of Social Security ("Defendant"), alleging that Defendant erroneously denied his

application for Social Security Disability benefits under the Social Security Act, 42 U.S.C. §§

301 et seq. (See generally Compl., Docket Entry ("DE") [1].) Following briefing and argument,

the Court vacated the ALJ's decision and remanded the matter to the Social Security

Administration ("the SSA") for a calculation of benefits, which Plaintiff was eventually awarded.

Before the Court is Plaintiff's counsel, Olinksy Law Group's ("Olinsky") motion for attorney

fees, pursuant to 42 U.S.C. § 406(b). (Olinsky's Mot., DE [32].) Defendant takes no position on

the amount of the award. (Def.'s Resp., DE [32-1].) For the reasons set forth below, the motion

is granted.

BACKGROUND

   A.  Procedural History

     As alleged in the Complaint in the Joint Statement of Facts, (DE [19], Plaintiff was

disabled and has been unable to work from March 25, 2017 through the present. (See id. at A. on

p. 1.) On July 30, 2019, Plaintiff filed an application for Social Security Disability benefits,

which an administrative law judge ("ALJ") denied on October 28, 2021. (Id.) Plaintiff timely

requested a review of the ALJ's decision with the Appeals Council of the SSA. (Id.) On February 19, 2021, the Appeals Council denied Plaintiff's request. (Id.)

On April 15, 2021, Plaintiff retained Olinsky to represent him in federal court to appeal the denial of benefits and during any subsequent proceedings if the court remanded the case. (Olinsky's Mot. Ex. A, DE [32] ("Retainer Agt.").) The retainer agreement provided that if the appeal was successful and Plaintiff was awarded past-due benefits by the federal court or by the SSA after remand, Olinsky's firm would receive up to 25% of the past-due benefits, pursuant to 42 U.S.C. § 406, as approved by the Court under Section 406(b) or the Commissioner under Section 406(a). (Id. ¶ 3.) The retainer agreement also stated that Plaintiff assigned his interest in any fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), to Olinsky's firm for representing him in federal court. (Id. ¶ 2.) However, Plaintiff and Olinsky agreed that the combined fees for any representation in federal court or before the SSA after remand would not exceed 25% of any retroactive benefits awarded to Plaintiff. (Id. ¶ 3.)

Plaintiff initiated this lawsuit on April 23, 2021, alleging that the ALJ's October 28, 2021 decision, affirmed by the Appeals Council, was erroneous, unsupported by substantial evidence, and contrary to the Social Security Act. On March 25, 2024, following briefing and argument on the parties' cross-motions, Motion for Judgment on the Pleadings, (DE [13]), the Court granted the Plaintiff's Motion for Judgment on the Pleadings, vacated the ALJ's decision, and remanded the matter with a directed finding of disability for a calculation of benefits. (Order dated 03/25/2024; DE [25], [26].)

B. Attorney's Fees

On July 1, 2024, the Court granted the parties' stipulated request that Plaintiff should be awarded $6,847.61 in attorney fees and expenses pursuant to the EAJA. (DE [30].) The Court

further ordered that those attorneys' fees should be paid directly to Olinsky "if plaintiff has agreed to assign his rights to EAJA fees to his attorney, and provided that plaintiff owes no debt that is subject to offset under the Treasury Offset Program." (Id.)

In an Important Information letter dated February 17, 2025 (the "IIL"), the SSA notified Plaintiff that she was entitled to $121,244.00 in past-due benefits from August 2018 through February 2024. (Olinsky Aff., Ex. B, DE [32] at 10.) The IIL also notified Plaintiff that the SSA had withheld $30,311.00 in past-due benefits to pay his representative. (Id.)

On March 3, 2025, Olinsky filed the instant motion requesting attorneys' fees pursuant to 42 U.S.C. § 406(b). (Olinsky's Mot., DE [32].)

DISCUSSION

I.    Legal Standards

"[Section 406(b) of the SSA] authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'" Sinkler v. Berryhill, 932 F.3d 83, 86 (2d Cir. 2019) (quoting 42 U.S.C. § 406(b)(1)(A) and citing Gisbrecht v. Barnhart, 535 U.S. 789, 807–08 (2002)). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) ("Wells II").

Procedurally, "[m]otions for attorneys' fees under [Section 406(b)] must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure."

Miller v. Comm'r of Soc. Sec., No. 20-CV-5214 (PKC), 2023 WL 5002789, at *2 (E.D.N.Y. Aug. 4, 2023) (citing Sinkler, 932 F.3d at 91). "Where ... a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award." Sinkler, 932 F.3d at 85.

Substantively, when reviewing Section 406(b) attorneys' fees when a claimant retained counsel pursuant to a contingency agreement, courts determine: (1) whether the requested amount exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. Wells II, 907 F.2d at 372. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the *de facto* hourly rate." Fields v. Kijakazi, 24 F.4th 845, 854 (2d Cir. 2022). Instead, in evaluating whether "a relatively high hourly rate" is a windfall "in the context of any given case," courts should assess: (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant, including representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854–56.

Additionally, when an attorney seeking a fee award pursuant to Section 406(b) also is awarded fees under the EAJA, "[f]ee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796; see also Wells v. Bowen, 855 F.2d 37, 48 (2d Cir. 1988) ("Wells I") ("Once

appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [plaintiff's counsel] to return the lesser of either that amount or the EAJA award to his clients.").

## II.    Timeliness

As a threshold matter, the Court finds that Olinsky's motion is timely. "Once counsel receives notice of the benefits award—and, therefore, the maximum [attorneys'] fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing[.]" Sinkler, 932 F.3d at 88. The IIL informing Plaintiff of the award is dated February 17, 2025, and Olinsky received the IIL on February 18, 2025. (Olinsky Aff., Ex. B at 10.) Defendant does not dispute the motion's timeliness. (See generally Def.'s Resp., DE 15.) Because Olinsky filed the motion on March 3, 2025, 14 days later, the motion is timely.

## III.    Reasonableness

The Motion establishes a sufficient basis to approve the requested attorneys' fees under Section 406(b) of the SSA as a result of counsel's successful and efficient representation of Plaintiff resulting in the Award.

Olinsky seeks $30,311.00 in attorneys' fees, which is 25% of the past-due benefits that the Administration awarded Plaintiff. The 25% contingency fee results from an arrangement agreed to by Plaintiff and his counsel. Plaintiff's counsel notes that attorneys and paralegals at his firm spent a total of 34.1 hours on the matter before this Court. (See Olinsky Aff. ¶ 8; see also Olinsky Aff., Ex. D and E.) Awarding Plaintiff's counsel the total amount sought would result in a *de facto* hourly rate of $888.88 for both attorney and paralegal time. This hourly rate is within the range of what courts have generally considered to be reasonable in a case with experienced counsel who provided quality and efficient representation. See Fields,24 F.4th at 856 (approving *de facto* rate of $1,556.98 as reasonable); Kristen E. H. v. Comm'r of Soc. Sec., No. 6:21-CV-

962, 2023 WL 122612, at *3 (N.D.N.Y. Jan. 6, 2023) (approving a $1,197 *de facto* hourly rate and collecting cases approving comparable or higher rates). Indeed, Plaintiff's counsel "has extensive experience practicing social security law and representing claimants before the Social Security Administration and in the United States District Court." Osborne v. Comm'r of Soc. Sec., No. 6:11-cv-553, 2014 WL 701893, at *2 (N.D.N.Y. Feb. 24, 2014) (referring to Plaintiff's counsel). Therefore, the Court finds that the requested amount is reasonable.

Accordingly, Plaintiff's motions for attorneys' fees pursuant to 42 U.S.C. § 406(b), is granted.

<u>CONCLUSION</u>

For the foregoing reasons, the Court hereby ORDERS that Plaintiff's motion for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b)(1), in the amount of $30, 311.00 is granted. The Court further ORDERS that, within seven days of receipt of the attorneys' fees, Olinsky should refund to Plaintiff $6,847.61 for the previously awarded attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated:  Central Islip, New York
        September 19, 2025

                                         /s/ Anne Y. Shields
                                        Anne Y. Shields
                                        United States Magistrate Judge